SOUTHWESTERN STATES TELEPHONE CO. v. STATE et al.

No. 33174. July 12, 1949.

*208 P. 2d 581.*

604

Cecil R. Chamberlin, of Frederick, for plaintiff in error.

Floyd Green, James G. Welch, and Charles F. White, all of Oklahoma City, for defendant in error.

Leslie L. Conner, of Oklahoma City (A. L. Hilpirt and Arnold B. Britton, both of Oklahoma City, on the brief), amicus curiae.

JOHNSON, J. This is an appeal taken by Southwestern States Telephone Company, hereinafter referred to as appellant, from an order of the Corporation Commission, hereinafter referred to as the Commission, declaring section 3, township 10 north, range 3 west, Cleveland county, Oklahoma, which territory was then occupied by appellant, open territory, to be serviced by anyone desiring to render telephone service therein without further order of the Commission.

The above described territory had formerly been occupied and served by the Moore Telephone Company Exchange of Moore, Oklahoma.

Appellant acquired the Moore Exchange by purchase on March 1, 1939, and has operated the exchange ever since.

Appellant, shortly after acquiring such exchange, entered into an agreement with Southwestern Bell Telephone Company, hereinafter referred to as Bell, which was operating a telephone exchange in Oklahoma City, whereby exchange boundary lines were agreed upon between them. The territory here involved was allotted to appellant, a traffic and boundary map describing the boundary lines agreed upon was filed with the Commission by appellant, and on the 25th day of June,

1945, the Commission ordered that such maps be filed without either approving or disapproving the boundary lines agreed upon.

The territory involved lies immediately south of the Oklahoma City line and within three miles of the town of Moore and is now known and referred to as the Moore Exchange. The area is platted and is designated as Lochoma and Golden Acres Additions to Oklahoma City. Toll service between the Bell and Moore exchange is maintained under rates fixed by the Commission.

On the 1st day of April, 1946, P. D. Odom, who was a resident of the area and conducting various businesses therein, among which was that of building houses for defense workers, made application to the Commission requesting that Bell be required to furnish him with business telephone connections. In the application it is stated that his business is located on the line near what is known as the Moore Exchange area, but that no poles capable of carrying the lines of such exchange are closer to his premises than one and one-half miles; Bell had poles immediately adjacent thereto, was in a position and equipped to furnish such connections, and should therefore be required by the Commission to do so.

Thereafter, and in July, 1946, W. H. Yost, in behalf of himself and twenty-eight other families similarly situated and residing in the area, also filed an application requesting that Bell be required to furnish their residences with telephone connections.

The Bell responded to these petitions and applications in which it alleged and asserted that the Commission was without authority to grant them the relief requested for the reason that the territory involved was then occupied and being serviced by appellant under established boundary lines; that the Commission was without authority to change such boundary lines or to require or authorize any other concern

to enter, occupy and service said territory except on application made as provided by statute (17 O. S. 1941 §133) by one desiring to enter and furnish telephone service therein.

During the progress of the hearing petitioners requested and were granted permission, over the objection of appellant, to amend their petitions. In the amended petitions it is requested that the area involved be declared open territory for any other company desiring to furnish telephone service therein. In the amended petitions the allegations of the original petitions are reiterated with the additional allegations that the service rendered by appellant is insufficient, inadequate and does not meet the needs and requirements of petitioners. Upon the filing of the amended petitions, the proceeding against Bell was dismissed.

Evidence was offered tending to show that at the time the original petitions were filed, and before the improvements hereinafter referred to were made, the service furnished by appellant was insufficient and inadequate; that it only furnished rural telephone connections in the area. It had no single line connections; that it was not able to comply with requests for new connections; that it was slow in making repairs; that it was difficult to obtain connections out of Moore. The evidence, however, is undisputed that these conditions were wholly due to war restrictions; that appellant by reason thereof was unable to get materials to make extensions and improvements and to provide new facilities; that it was impossible to obtain sufficient employees to keep the lines in continuous and proper repair; that the failure to get connections out of Moore was not entirely the fault of appellant but due largely to the volume of wartime business transacted over connecting lines. Mr. Richardson, telephone engineer of the Commission, as well as other witnesses, so testified. It is also shown that this condition with which appellant was confronted during the war, and which caused complaint to be made, was not applicable to it alone but was general to the telephone industry everywhere. Mr. Davis, commercial superintendent of appellant, testified that shortly after appellant acquired the exchange it commenced making extensions and improvements; that it had facilities to serve subscribers in the area involved; that it continued to make such improvements up to and until the beginning of the war; that it then had a considerable investment in the area and a returned valuation as of December 1, 1945, in a sum in excess of $28,000; that during the war it was impossible to make further extensions and improvements because of war restrictions; that after the close of the war and as soon as materials became available and in the year 1946 it made further improvements and extensions in the area and now has entirely new lines, poles and cables in the area, and that any person residing therein can now have any type of service desired, single or party line; that this improvement program was under way in March, 1946, and prior to the time the original Odom petition was filed, and construction was completed and the new lines and equipment ready for use prior to the time the amended petitions herein were filed. The testimony of Mr. Davis in this respect is undisputed but, on the other hand, is corroborated by the testimony of the engineer of the Commission who testified that appellant has now overbuilt its lines in the area and can now give and would give satisfactory, complete and adequate service to anyone residing in the area. Other witnesses, including some of the petitioners, also so testified.

This, in substance, constitutes the evidence upon which the Commission made its order, declaring the area to be open territory.

Appellant contends that the Commission was without power or authority to make such order. It is asserted that since it had already occupied the territory under established and agreed boundary lines, the Commission was

without authority and power to change such lines or to authorize or permit any other concern or telephone company to occupy or serve such area except by first applying for and obtaining a certificate of convenience and necessity as provided by 17 O. S. 1941 §133. It is further contended that assuming the Commission had authority on applications of persons residing in the area to declare it open territory on the ground of inadequacy of service, it would not be authorized to do so without first giving appellant an opportunity to make the service adequate. In support of this contention it relies on the case of Nicoma Park Telephone Co. v. State, 198 Okla. 441, 180 P. 2d 626. That case would be in point under the issues raised by the original petitions. It is, however, not in point under the issues raised by the amended petitions. The questions here under discussion and raised by appellant were not decided in that case, nor do we think it necessary under the evidence and findings of the Commission to definitely pass upon such questions in the present case. The Commission based its order, at least in part, upon the following finding:

"According to the testimony of the telephone engineer for the Commission, the company now has an overbuilt plant in this area as compared to its plants in other areas. It appears to the Commission that this company has overbuilt its plant in this area only after being forced to do so in an effort to defeat the application, and the Commission will not consider this new construction in deciding whether this company now is and has been rendering adequate service in the named area. The company constructed this additional plant in said area with its eyes open, with knowledge and notice of the pendency of this application, and if it now develops that it will suffer a loss if this territory is declared open, it must be borne by the company without complaint for it acted at its peril."

We do not agree with the conclusion reached by the Commission that appellant in making the improvements referred to in the findings did so at its peril. The evidence shows without dispute that appellant shortly after acquiring the Moore Exchange started making improvements and extensions and continued to do so as heretofore stated until the beginning of World War II, and that the only reasons the improvements made in 1946 were not made sooner was because of war restrictions; that it then had made considerable investment in the exchange. It had a right to protect that investment. In making the improvement and extension in 1946, it simply did what it was required to do under the law and that which the Commission might have required it to do. The Commission was therefore without authority to penalize it for so doing. Moreover, the finding of the Commission that appellant made such improvements with knowledge and notice of "this application" is not accurate. The construction of these improvements was completed prior to the time the petitions requesting the relief granted were filed. The evidence shows without dispute that preliminary work in making the improvements in the area had begun before the original petitions were filed and that the construction thereof was completed before hearing on the original application started, and was completed prior to the time the amended petitions were filed. In the original petition the only relief requested was that the Bell be required to furnish petitioners with telephone connections. After practically all of the evidence in the case was taken, the case was dismissed against Bell, the main respondent therein.

Petitioners, under this court's holding in the Nicoma Park case, supra, were not entitled to the relief requested in their original petitions. New and amended petitions were then filed requesting entirely different relief. It was then for the first time requested that the area involved be declared open territory. At that time the construction work on the new lines and the installing of new equipment had been completed and ready for use. The ap-

plication referred to by the Commission in its finding as "this application" was then pending for the first time and was not pending at the time the 1946 improvements were made. The finding of the Commission in this respect is not supported by the evidence.

Since under the undisputed evidence appellant had constructed and maintained in the area lines, equipment and facilities sufficient to give complete, efficient and adequate service to all persons residing therein and was ready and willing to do so prior to the time the amended petitions were filed, the Commission was without authority to declare the area open territory.

Judgment reversed and order vacated.

DAVISON, C.J., ARNOLD, V.C.J. and GIBSON, LUTTRELL, and O'NEAL, JJ., concur. WELCH, CORN, and HALLEY, JJ., dissent.